IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOBY KATZ,<br><br>               **Plaintiff,**<br>   v.<br>MICHAEL GRASSO *et al.*,<br><br>               **Defendants.** | CIVIL ACTION NO. 20-6320 |

**MEMORANDUM OPINION**

**Rufe, J.**                                                                                                                                    **March 4, 2022**

Plaintiff Toby Katz, a judgment creditor of Defendant Joseph Grasso, filed suit against Joseph, his wife, Donna Grasso, his father, Michael Grasso, and GF 2014, L.P., a Pennsylvania limited partnership jointly owned by Joseph, Donna, and Michael, alleging that Defendants conspired to fraudulently shelter assets from Joseph's bankruptcy.[1] Michael and GF 2014 filed a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss Count IV, Plaintiff's claim for unjust enrichment. Shortly thereafter, Joseph and Donna filed a separate joint motion to dismiss Claim IV, although it appears to be asserted against GF 2014 only. For the reasons stated herein, these motions will be granted.

**I.    BACKGROUND[2]**

In November of 2010, an Illinois state court entered judgment against Joseph in favor of Marshall Katz, the deceased spouse of Plaintiff Toby Katz, arising from Joseph's fraudulent

---

[1] For clarity, the individual Grasso Defendants are referred to by their first names.

[2] The factual allegations in Plaintiff's Amended Complaint [Doc. No. 7] are assumed true for the purposes of evaluating the motions to dismiss.

misappropriation of the ownership of Saxby's Coffee, Inc.[3] The final judgment was for more than $23 million.[4] To escape judgment, Joseph filed for Chapter 11 bankruptcy in the Eastern District of Pennsylvania in February 2012, immediately prior to a scheduled damages hearing.[5] On paper, Joseph "has been and remains insolvent at all material times, both prior to and after filing his bankruptcy and until today."[6]

Plaintiff cites decisions of the Bankruptcy Court showing that this bankruptcy was marred by substantial deception and fraud on the part of Joseph and Donna. "Prior to and after Joseph's bankruptcy filing, Joseph and Donna deliberately undertook a scheme to hide and divert Joseph's assets, including, but not limited to, sending certain assets to an offshore entity [Joseph] created located in The Bahamas."[7] On motion from one of Joseph's other creditors the Bankruptcy Court converted the bankruptcy into a Chapter 7 proceeding and appointed a Trustee over Joseph's bankruptcy estate, after a finding that Joseph had lied in testimony to the court, diverted estate assets, and breached fiduciary duties as a debtor-in-possession.[8] The Trustee then commenced three separate adversarial actions against Joseph and Donna, successfully securing a judgment in each action and recovering some portion of the misappropriated funds.[9] In 2015, the Bankruptcy Court denied Joseph a discharge from bankruptcy, finding that Joseph had repeatedly lied to the court and creditors, wrongfully concealed assets, and had conducted "an

---

[3] Am. Complaint [Doc. No. 7] ¶¶ 1, 10–13.

[4] Am. Complaint [Doc. No. 7] ¶ 18.

[5] Am. Complaint [Doc. No. 7] ¶¶ 15, 20.

[6] Am. Complaint [Doc. No. 7] ¶ 21.

[7] Am. Complaint [Doc. No. 7] ¶ 30.

[8] Am. Complaint [Doc. No. 7] ¶¶ 24–29.

[9] Am. Complaint [Doc. No. 7] ¶¶ 31–36, 41–42.

intentional scheme to obscure from this Court and his creditors the nature of his finances."[10] On September 24, 2020, the Bankruptcy Court entered a final order closing Joseph's bankruptcy.[11]

Plaintiff then filed this suit, alleging in relevant part that Joseph had successfully concealed additional assets from the Bankruptcy Court and Joseph's creditors through a complex series of transfers, shell transactions, and screening entities with the assistance of Donna, Michael, and GF 2014. The Amended Complaint asserts claims against all Defendants for fraudulent transfer[12] and civil conspiracy,[13] and against GF 2014 for unjust enrichment.[14] Defendants have moved to dismiss the claims for unjust enrichment, arguing that Pennsylvania law requires a benefit to flow from Plaintiff to the unjustly enriched parties and that Plaintiff does not allege that she provided any benefit to GF 2014.[15]

## II. LEGAL STANDARD

Each claim of a complaint must contain sufficient factual matter to state a claim to a relief that is plausible on its face for that claim to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[16] The question is not whether the plaintiff will ultimately prevail, but whether the complaint is "sufficient to cross the federal court's threshold."[17] The court must "accept all factual allegations as true, construe the complaint in the light most favorable to the

---

[10] *In re Grasso*, 490 B.R. 500, 506 (Bankr. E.D. Pa. 2013); Am. Complaint [Doc. No. 7] ¶¶ 18, 38.

[11] Am. Complaint [Doc. No. 7] ¶ 43.

[12] Am. Complaint [Doc. No. 7] ¶¶ 164–75.

[13] Am. Complaint [Doc. No. 7] ¶¶ 176–82.

[14] Am. Complaint [Doc. No. 7] ¶¶ 183–86.

[15] Defs. Michael Grasso, GF 2014, L.P. Mot. Dismiss Count IV [Doc. No. 11]; Defs. Donna Grasso, Joseph Grasso Mot. Dismiss Claim Four [Doc. No. 12].

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[17] *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to the relief."[18] However, the Court "need not accept as true unsupported conclusions and unwarranted inferences"[19] or "legal conclusions."[20]

### III. DISCUSSION

Defendants have moved to dismiss Count IV of the Amended Complaint, arguing that Plaintiff has failed to allege that she personally conferred a benefit on Defendant GF 2014.[21] Defendants point to the commonly applied three-factor "unjust enrichment" test articulated by the Pennsylvania Supreme Court. "To succeed on an unjust enrichment claim, Plaintiffs must prove: (1) a benefit conferred on [Defendant] by Plaintiff[], (2) appreciation of such benefit by [Defendant], and (3) acceptance and retention of such benefit under such circumstances that it would be inequitable for [Defendant] to retain the benefit without payment of value."[22]

Plaintiff argues that this language is only one test, and that Pennsylvania courts have used broader language in different circumstances.[23] The Pennsylvania Supreme Court also has defined unjust enrichment as "an equitable remedy, defined as 'the retention of a benefit conferred by another, without offering compensation, in circumstances where compensation is reasonably

---

[18] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

[19] *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 184 (3d Cir. 2000) (quoting *City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 n.13 (3d Cir. 1998)) (internal quotations omitted).

[20] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997) (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996)).

[21] Defs. Michael Grasso, GF 2014, L.P. Mot. Dismiss Count IV [Doc. No. 11] at 2–3; Defs. Donna Grasso, Joseph Grasso Mot. Dismiss Claim Four [Doc. No. 12] at 3.

[22] *Morlok v. City of Philadelphia*, No. 20-2973, 2022 WL 252185, at *4 (3d Cir. Jan. 26, 2022) (quotations omitted).

[23] Pl.'s Mem. L. Opp'n Mot. Dismiss [Doc. No. 13] at 4–5.

expected, and for which the beneficiary must make restitution.'"[24] Plaintiff cites to the Restatement (Third) of Restitution and Unjust Enrichment, which identifies "the action by [a] defrauded creditor against the fraudulent transferee" as "a prime example" of an unjust enrichment claim.[25]

Plaintiff is correct in noting that Pennsylvania courts have not always applied a single test for unjust enrichment. However, "[c]ase law discussing unjust enrichment is clear that a plaintiff must confer a benefit on a defendant."[26] Where a person has a legal obligation to pay funds to one individual and instead allocates funds to another, that does not, by itself, constitute a benefit conferred on the recipient by the unpaid party.[27]

Here, Plaintiff does not allege that that the property owned by GF 2014 was directly obtained by Joseph's fraud against her—instead, she simply argues that transfers to GF 2014 were used to shelter assets.[28] Recognizing unjust enrichment claims from creditors against third-

---

[24] *Commonwealth by Shapiro v. Golden Gate Nat'l Senior Care LLC*, 648 Pa. 604, 644 (2018) (quoting *Roethlein v. Portnoff Law Assocs., Ltd.*, 623 Pa. 1, 17 n.8 (2013).

[25] Pl.'s Mem. L. Opp'n Mot. Dismiss [Doc. No. 13] at 8 (quoting Restatement (Third) of Restitution and Unjust Enrichment § 48 (2011) cmnt. (a)).

[26] *Shared Commc'ns Servs. of ESR, Inc. v. Goldman, Sachs & Co.*, No. 2379 EDA 2016, 2017 WL 3933337, at *5 (Pa. Super. Ct. Sept. 8, 2017) (collecting cases).

[27] *See, e.g.*, *Foster v. Attias*, No. CV 18-4853, 2020 WL 5439360, at *7–8 (E.D. Pa. Sept. 10, 2020) (holding that sellers of property could not bring an unjust enrichment claim against parties to whom the property was transferred when the initial purchaser failed to pay the balance due to the sellers because the plaintiff conferred no benefit on those parties); *Goldenberg v. Royal Petroleum Corp.*, No. 004168SEPT.TERM2003, 2004 WL 3051577, at *2 (Pa. C.P. Dec. 16, 2004) (dismissing unjust enrichment claims brought by a minority shareholder against majority shareholders who allegedly received unearned compensation from the underlying company, and noting that "plaintiff was not the one who conveyed these benefits on the individual defendants, so he does not have standing to recoup them; instead, the claim should be brought, if at all, by the corporate defendants"). *See also Bechtle v. Wister*, No. CIV.A. 13-3798, 2013 WL 6712173, at *4 (E.D. Pa. Dec. 20, 2013) (holding that the receiver for a bankrupted Ponzi scheme fund stated unjust enrichment claims against investors who withdrew their full investments while the fund was insolvent because, although the inequity element of unjust enrichment was rooted in the harm to unrelated third parties, the *benefits* were directly provided by the plaintiff—that is, the Ponzi fund that made inequitable distributions while insolvent).

[28] The cases cited by Plaintiff are inapposite. *See Meehan v. Cheltenham Twp.*, 410 Pa. 446 (1963) (suit by a subcontractor against a municipality to recover *in quantum meruit* for the installation of a sewer in the township);

party recipients of fraudulently transferred assets runs contrary to the logic underlying Pennsylvania's unjust enrichment laws. "An action based on unjust enrichment is an action which sounds in quasi-contract or contract implied in law."[29] A judgment creditor's claim that a third party participated in fraudulently shielding assets does not present a basis for implying a quasi-contractual relationship between the creditor and that third party. Benefits that are merely "speculative" or "intangible" cannot form the basis for an unjust enrichment claim.[30]

Additionally, the Restatement section cited by Plaintiff notes that as a general principle, "enrichment under § 48 derives from the defendant's receipt of a payment to which the claimant is *primarily entitled*."[31] In line with this reasoning, each example provided in the Restatement section represents a dispute over specifically allocated assets or specifically targeted payments. Assuming, *arguendo*, that Pennsylvania courts would apply Restatement § 48, Plaintiff's unjust enrichment claims would still not align with § 48's principle. The Restatement does not frame unjust enrichment as an all-purpose fraudulent transfer statute, and no Pennsylvania courts have interpreted it as such.[32]

---

*Sack v. Feinman*, 495 Pa. 100, 102, 432 A.2d 971 (1981) (misappropriation by the defendant of funds in a trust established for the benefit of the plaintiff); *Henkel v. Highgate Hotels, LP*, No. 3:15-CV-01435, 2020 WL 6940835, at *10 (M.D. Pa. Nov. 25, 2020) (holding that resort employees who sued an all-inclusive resort that represented to guests that the gratuity fee would be paid to staff but did not do so stated a claim because the employees conferred a benefit upon the resort in the form of services that were directly tied to the retained gratuities).

[29] *Sevast v. Kakouras*, 591 Pa. 44, 53 n.7 (2007).

[30] *See Feather v. United Mine Workers of Am.*, 711 F.2d 530, 541 (3d Cir. 1983).

[31] *See* Restatement (Third) of Restitution and Unjust Enrichment § 48 (2011).

[32] Indeed, the Restatement section cited by Plaintiff notes that "the modern law of fraudulent conveyance is predominantly statutory, increasingly technical, and the subject of detailed treatment elsewhere, [and so] the topic is omitted from this Restatement." Restatement (Third) of Restitution and Unjust Enrichment § 48 (2011) cmnt. (a).

Finally, Plaintiff argues that "the equitable principles underlying unjust enrichment law do not let such wrong go unredressed."[33] Plaintiff has alleged a claim under Pennsylvania's fraudulent transfer laws, which allow creditors to recover assets that are fraudulently transferred to third parties.[34] Plaintiff has not provided, and the Court has not found, any authority suggesting that Pennsylvania law provides unjust enrichment as an alternate theory for judgment creditors attempting to unwind purportedly fraudulent transfers by a debtor.

## IV.  CONCLUSION

Although Plaintiff alleges substantial misconduct on the part of Defendants, she does not allege a key element of unjust enrichment under Pennsylvania law—a benefit provided by Plaintiff to Defendant GF 2014. Therefore, Defendants' motions to dismiss Count IV of the Amended Complaint will be granted. An order will be entered.

---

[33] Pl.'s Mem. L. Opp'n Mot. Dismiss [Doc. No. 13] at 6.

[34] *See* Am. Complaint [Doc. No. 7] ¶¶ 164–82.